UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFERY ISAAC SMITH, :
   Petitioner, :
: CIVIL ACTION NO.
v. : 1:06-CV-0064-TWT
:
FULTON COUNTY, :
   Respondent. :

## ORDER AND OPINION

Petitioner, Jeffery Isaac Smith, an inmate incarcerated at the Calhoun State Prison in Morgan, Georgia, has submitted a "Letter with Documents" that has been docketed as a 28 U.S.C. § 2241 habeas corpus petition against Fulton County. Petitioner has neither filed the initial $5.00 filing fee for habeas corpus actions nor submitted a request to proceed in forma pauperis.

According to his letter and attached documents, Petitioner was arrested by the Atlanta Police Department on September 27, 2000. After being charged with armed robbery and possession of a firearm by a convicted felon, Petitioner's criminal proceeding was bound over to the Fulton County Superior Court on or around October 7, 2000. While being detained on the armed robbery charge, Petitioner was convicted in Fulton County on a probation violation charge and sentenced to one year in prison. During his one-year prison term, the Fulton County Superior Court notified Petitioner that his case had been transferred to the DeKalb County Superior Court. Petitioner

AO 72A
(Rev.8/82)

was then arraigned before the DeKalb County Superior Court on March 7, 2002. Ultimately, Petitioner pled guilty in the DeKalb County Superior Court to the armed robbery count on December 9, 2003, and was sentenced to ten years in prison. Thereafter, Petitioner filed a state habeas corpus petition in the Calhoun County Superior Court seeking to challenge his armed robbery conviction. The state habeas court denied relief after conducting an evidentiary hearing on April 11, 2005. While somewhat unclear from reviewing Petitioner's documents, it appears that Petitioner appealed the denial of habeas relief to the Georgia Supreme Court and that same remains pending.

Petitioner devotes much attention in his letter and supporting documents to detailing the lengthy and complicated pre-trial proceedings that ultimately led to his plea. Petitioner complains that various state courts have committed misconduct and fraud, thereby prejudicing him from receiving an adequate review of his complaints regarding the criminal process leading to his armed robbery conviction. Consequently, Petitioner asks for this Court's permission to waive the requirement of exhaustion of state court remedies before filing a federal habeas corpus petition.

This Court construes Petitioner's letter and supporting documents as a motion seeking a waiver of the general exhaustion requirement before filing a federal habeas corpus petition. Court records reflect, however, that Petitioner has yet to file a federal

AO 72A
(Rev.8/82)

habeas corpus petition seeking to challenge the constitutionality of his armed robbery conviction. Consequently, any request to waive the exhaustion of state remedies is merely a request for an advisory opinion by this Court. Such request cannot be granted without offending Article III of the Constitution's case or controversy requirement. See Juidice v. Vail, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine sua sponte). Accordingly, the instant action is subject to dismissal for want of jurisdiction.

Moreover, this Court cannot interpret the instant action as a 28 U.S.C. § 2254 habeas corpus action. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases ("Rule 2(c)"), a federal habeas corpus petition "shall specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified." While providing extensive details as to his criminal and post-convictions proceedings in the state courts, Petitioner has failed to specify any ground for federal habeas relief with regard to his present conviction and sentence. Rather, Petitioner's current filings focus exclusively on asking this Court to waive the exhaustion requirement. This request cannot be construed as a § 2254 petition which conforms to Rule 2(c).

3

Accordingly, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to proceed in forma pauperis for the sole purpose of dismissal.

The Clerk of this Court is **DIRECTED** to **FORWARD** a 28 U.S.C. § 2254 habeas corpus form to Petitioner. If Petitioner seeks to challenge his armed robbery conviction, he should prepare it on the enclosed habeas form and submit it to this Court. In the form petition, Petitioner should clearly set forth: (1) the name of his current custodian, who is the proper Respondent in a habeas corpus action; (2) the conviction and sentence he seeks to challenge and when it occurred; and (3) all grounds upon which he seeks relief. When Petitioner files an appropriate § 2254 habeas corpus petition, the exhaustion issue can then be fully addressed by the parties and considered by this Court.

**IT IS SO ORDERED**, this _10_ day of _February_, 2006.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)